96 F.3d 1451
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alejandro SOSA-BENITEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70229.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1996.
Decided Aug. 29, 1996.
 
 1
 Petition for Review of an Order of the Board of Immigration Appeals, No. Atq-dhq-xcf.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: REINHARDT and LEAVY, Circuit Judges, and COYLE, District Judge.*
 
 
 5
 MEMORANDUM**
 
 
 6
 Petitioner, Alejandro Sosa-Benitez, seeks review from the Board of Immigration Appeals' denial of his application for suspension of deportation. The Board clearly adopted the Immigration Judge's opinion in denying Sosa's application. See CAR 2 (affirming the IJ's decision "based upon and for the reasons set forth in that decision"). Accordingly, we review the decision of the Immigration Judge for an abuse of discretion. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995) (reviewing Board's decision where it affirmed the IJ "based upon and for the reasons set forth in that decision"). Because the Immigration Judge properly considered all the relevant factors when weighing the equities and denying relief, gave his reasons for doing so, and those reasons do not constitute an abuse of discretion, we deny the petition for review. Hassan v. INS, 927 F.2d 465, 467 (9th Cir.1991).[1]
 
 
 7
 PETITION DENIED.
 
 
 
 *
 The Honorable Robert E. Coyle, Senior United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Sosa contends that the Immigration Judge's failure to decide whether he satisfied the statutory seven-year requirement was reversible error because that determination had an effect on the issue of extreme hardship. However, it is abundantly clear from the IJ's oral decision that he did consider the length of Sosa's U.S. residence in determining whether deportation would result in extreme hardship. See CAR 22 (noting that Sosa has "lived in the United States for some nine years")